THOMAS E. SHUCK, SBN 116228
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
515 South Figueroa Street, 8th Floor
Los Angeles, California 90071-3325
Telephone:    (213) 683-6500
Facsimile:    (213) 683-6669
Email:  tshuck@pmcos.com

Attorneys for Defendant/Judgment Debtor
JASON CLOTH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOT BUILDING VENTURE LLC, and RSBV PATHWAY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CREATIVE WEALTH MEDIA FINANCE CORP., and JASON CLOTH, an individual,<br><br>Defendants. | Case No. 2:24-cv-10030 TJH (RAOx)<br><br>**DEFENDANT JASON CLOTH'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION FOR AN ORDER TO SHOW CAUSE (L.R. 7-19 and 7-19)**<br><br>[Declaration of Thomas E. Shuck Filed Concurrently Herewith]<br><br>Current Date:  August 19, 2026<br>Time: 8:30 a.m.<br>Dept.  590<br>Proposed Continued Date: **September 30, 2026**<br>Judge Magistrate Hon. Rozella A. Oliver |

TO THE HONORABLE ROZELLA A. OLIVER, MAGISTRATE JUDGE OF

THE UNITED STATES DISTRICT COURT.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

4903-4383-0978.1

Defendant, Jason Cloth applies *ex parte* for an order continuing the hearing on Plaintiff's Motion for Contempt now scheduled for August 19, 2026 to September 30, 2026 to allow Mr. Cloth's new counsel sufficient time to adequately and accurately prepare an opposition, Mr. Cloths' "sign off" declaration and other papers. Plaintiff refused to accommodate this reasonable request, and by so doing necessitated an *ex parte* process instead of a stipulation. Plaintiff also refused to meet and confer in good faith on substance and possible resolution, thereby violating LR 7-3.

Opposing Counsel Is:

> David B. Jonelis.
> Singer Weinsten Wolf & Jonelis, LLP
> 2049 Century Park East, Suite 2400
> Los Angeles, CA 90067-2906
> Telephone: (310) 556-3501
> Facsimile: (310) 556-3615
> Email: kjonelis@lavelysinger.com

DATED: July 28, 2026

PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation

By: _____
THOMAS E. SHUCK

Attorneys for Defendant/Judgment Debtor
JASON CLOTH

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -

CLOTH'S EX PARTE APPLICATION TO CONTINUE HEARING ON
MOTION FOR AN ORDER TO SHOW CAUSE

4903-4383-0978.1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      What This Case Is About.**

This case must be dismayingly familiar to the Court. It involves a contentious series of judgment debtor exams, and Plaintiff filed a motion for contempt.

**II.     Good Cause Exists to Grant Defendant's Ex Parte Relief.**

The Court may, upon a showing of good cause, grant *ex parte* relief to extend a specified time within which an act may or must be done.  FRCP 6(b). Local Rules 7-19 and 7-19 allow for *ex parte* relief.

**III.    The Hearing on the Contempt Motion Should Be Continued as Reasonably Requested by Mr. Cloth's New Counsel to Accommodate His Unmanageable Scheduling Conflicts During an Abbreviated Opposition Period. Plaintiff's Counsel Unreasonably Refused to do so in Violation of CACD Civility Guidelines B.2.**

**Central District Civility Guideline B.2 Provides:**

"We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts. *We will endeavor to accommodate previously scheduled dates for hearings*, depositions, meetings, conferences, vacations, seminars, or other functions *that produce good faith calendar conflicts on the part of other counsel*, where it is possible to do so without prejudicing the client's rights".

After violating Local Rule 7.3 and waiting over a month to deliver what *may* be a final thirteen category list of documents claimed to be deficient, in the form of a massive motion for contempt accompanied by much scurrilous and vitriolic argument and refences to alleged evidence in 682 pages. This long -delayed delivery gave Defendant's new counsel only *seven* days–during  a blocked schedule–with the seventh being a vacation day- to digest, investigate, confer with his new client, and reliably and competently prepare and respond. The excuse for the discourteous refusal is in the accompany Declaration of Thomas E. Shuck. New counsel's scheduling conflicts and this clear violation of the civility guidelines  warrants continuance of the hearing to September 30, 2026.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 3 -

**IV.    The Contempt Motion Should be Continued as Reasonably Requested by Mr. Cloth's New Counsel Because Plaintiff's Counsel Violated the Good Faith Meet and Confer Requirements of Local Rule 7-3.**

USDC Central District of California. Local Rule 7-3, "Conference of Counsel Prior to Filing of Motions" is familiar to the Court and provides in part relevant here: "…counsel contemplating the filing of any motion must first contact opposing counsel *to discuss thoroughly*, preferably in person, the **substance** *of the contemplated motion and any potential resolution".* (Emphasis added).

Due to the enhanced seriousness of this contempt motion, when Plaintiff's counsel did make contact, substance and resolution efforts were paramount especially when opposing counsel was new. Instead, Plaintiff's counsel made no effort to discuss substance or resolution. He only demanded dates for the hearing. (Shuck Declaration and Exhibit 2). When Mr. Cloth's counsel provided dates, he also proposed delivering a "sign–off" declaration" along the lines suggested by the Court at the April 29, 2026 hearing (Shuck Declaration, Exhibit "1"). To arrange this Mr. Cloth's counsel asked for this in his meet and confer letter:

> "Please take a hard look and tell me what you think truly remains of any value and accessibility after the last proceeding.  We will take hard look to see if we can help. To end this, I think we can give you a declaration to certify completion to avoid another round of costly and unproductive examination, a/k/a beating a dead horse" (Shuck Declaration Exhibit 2).

Plaintiff's counsel refused to supply the final list  (Shuck Declaration).  Instead, he waited over a month to deliver what *may* be a final thirteen category list but in the form of the massive contempt motion. By then it was impossible–by design–to resolve the motion before it was filed. Then counsel inexplicably and uncivilly refused a brief 30-day continuance despite Mr. Cloth's  counsel's irreconcilable conflicts.  (Shuck Declaration).

**V.    Conclusion.**

For the foregoing reasons, Defendant respectfully requests that the Motion for An

- 4 -

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

CLOTH'S EX PARTE APPLICATION TO CONTINUE HEARING ON
MOTION FOR AN ORDER TO SHOW CAUSE

4903-4383-0978.1

Order to Show Cause Re: Contempt against Defendant Jason Cloth be continued to September 30, 2026.

DATED:  July 28, 2026

PARKER, MILLIKEN, CLARK,
  O'HARA & SAMUELIAN
A Professional Corporation

By: _____
        THOMAS E. SHUCK

Attorneys for Defendant/Judgment Debtor
JASON CLOTH

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 5 -

CLOTH'S EX PARTE APPLICATION TO CONTINUE HEARING ON
MOTION FOR AN ORDER TO SHOW CAUSE

4903-4383-0978.1